IN THE UNITED STATES DISTRICT COURT
FOR THE CONNECTICUT

IN RE: GRAND JURY SUBPOENAS
N-22-1-4 (33)
N-22-1-4 (34)                                   Case No. 3:23-MJ-43 RMS
N-22-1-4 (35)
N-22-1-4 (36)

**APPLICATION FOR ORDER COMMANDING PROVIDERS NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF GRAND JURY SUBPOENAS**

The United States requests that the Court order: (1)Apple 33; (2) Google 34; (3) Meta Platforms 35; (4) People Media, Inc. 36; (hereinafter "the Providers"), respectively, not to notify any person (including the subscribers or customers of the account(s) listed in the subpoena) of the existence of grand jury subpoena **(1)** N-22-1-4 (33)**, (2)** N-22-1-4 (34), **(3)** N-22-1-4 (35), **(4)** N-22-1-4 (36), (hereinafter "the Subpoenas"), respectively, for a period of one year, through and including January 20, 2024.

Each of the Providers are providers of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the Subpoenas, which will be made available for the Court's inspection but will not be filed under seal or included in a sealing envelope. The Subpoenas require each of the Providers to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because each of the Subpoenas relates to an ongoing investigation by the Defense Criminal Investigative Service into a business email compromise conspiracy targeting hundreds of organizations across the United States, including in Connecticut.  The ongoing investigation is neither public nor known to the targets of the investigation, and its disclosure may alert those targets to the ongoing investigation.  If the fact of the investigation because publically known, the targets could destroy and tamper with evidence, flee the jurisdiction, take steps to thwart law enforcement investigation and detection, and warn their co-conspirators to do the same.

Accordingly, there is reason to believe that notification of the existence of any of the above referenced Subpoenas will seriously jeopardize the investigation, including by giving targets an opportunity to flee, destroy or tamper with evidence, and change patterns of behavior. *See* 18 U.S.C. § 2705(b).  Some of the evidence in this investigation is believed to be stored electronically. If alerted to the existence of the Subpoena, the subjects under investigation could destroy that evidence, including information saved to their personal computers or devices.

WHEREFORE, the United States respectfully requests that the Court grant the attached Orders directing each of the Provider not to disclose the existence or content of the respective Subpoena for a period of one year, through and including January 20, 2024, except that each of the Providers may disclose its Subpoena to an attorney for the Provider for the purpose of receiving legal advice.

Executed on January 20, 2023.

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY


_____/S/_____
MICHAEL S MCGARRY
ASSISTANT U.S. ATTORNEY
Federal Bar No.ct 25713
157 Church Street, 25th Floor
New Haven, CT 06510
Michael.McGarry@usdoj.gov
(203) 821-3700